IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY H. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-89-WHA |
| ) | [WO] |
| NORMAN CARLTON, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Larry H. Mitchell, an indigent inmate, in which he challenges his temporary placement on suicide watch during his confinement at the Elmore County Jail in February of 2016. The order of procedure entered in this case instructed Mitchell to inform the court immediately of any change of address. Doc. 4 at 5. The record demonstrates that Mitchell received a copy of this order. However, on July 5, 2017, the court issued an order that the Clerk mailed to the plaintiff, but the postal service returned this document because Mitchell no longer resides at the last address he had provided for service.[1]

Based on the foregoing, the court entered an order requiring Mitchell to inform the court of his current address no later than July 31, 2017. Doc. 23 at 1. This order specifically advised Mitchell that the instant case could not proceed if his whereabouts

---

[1] The last address provided to the court by Mitchell is the Elmore County Jail. A search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, shows that Mitchell is not incarcerated within the state prison system. It therefore appears that Mitchell now resides in the free world.

remained unknown and cautioned him that his failure to comply with its directives would result in dismissal of this case. Doc. 23 at 1. As of the present date, the court has received no response from Mitchell to the aforementioned order, nor has he provided the court with his current address as required by the order of procedure. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that dismissal of this case is the proper course of action. Mitchell has failed to comply with the directives of the orders entered by this court regarding the provision of a current address. This case cannot properly proceed in Mitchell's absence. And the wholesale failure to provide a forwarding address since his release from incarceration indicates Mitchell is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to prosecute this action.

The parties may file objections to the Recommendation on or before **August 18, 2017**. A party must specifically identify the factual findings and legal conclusions in the

Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of August, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE